IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM PATTERSON AND DENISE
PATTERSON,

       Plaintiffs,

                                      Civ. No. 07-19 MV/WDS

vs.

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SANDOVAL,
BRAD STEBLETON, County Planner,
DAVID MATHEWS, County Attorney,
DEBBIE HAYS, County Manager, and
MICHAEL SPRINGFIELD, Director of
County Development,

       Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, filed January 8, 2007, **[Doc. No. 3]**, and Plaintiffs' Motion to Remand, filed January 16, 2007, **[Doc. No. 6]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motion to remand will be denied and the motion to dismiss will be granted in part.

## BACKGROUND

On or about June 30, 2006, the Sandoval County Planning and Zoning Department administratively approved a plat exemption that created an additional lot on a parcel of land near property owned by the Plaintiffs. Plaintiff William Patterson, believing that his property was negatively affected by the lot split, filed an appeal to Defendant Board of County Commissioners

for the County of Sandoval.[1]  Plaintiff William Patterson's appeal stated, in its entirety, that:

> By this letter I appeal the administrative approval of Lots 3A & 3B Las Huertas Subdivision (Claim of Exemption, Conveyance of a Single Parcel)[.]
>
> Enclosed is my personal check in the amount of $100.00 for the required appeal fee.  Please schedule the appeal hearing promptly.

July 14, 2006 Letter from William Patterson to Brad Stebleton, attached as Exhibit 2 to the Complaint.[2]

On behalf of County Development, Defendant David Mathews, Sandoval County Attorney, summarily denied Plaintiff William Patterson's appeal without a hearing because he failed "to state any reason for this appeal or how you will be adversely affected.  It is not the duty of County Staff to try to guess the basis for your appeal."  August 8, 2006 Letter from David Mathews, County Attorney, to William Patterson, attached as Exhibit 3 to the Complaint. In the denial letter, Defendant Mathews further stated that County Development would be refunding Plaintiff William Patterson's appeal fees.  *Id.*  Plaintiff William Patterson requested reconsideration of the denial of his appeal on the grounds that the Sandoval County Subdivision Regulations did not specifically require that reasons or adverse effects be stated in order to perfect an appeal.  Defendants did not respond.

Plaintiff William Patterson and his wife Denise Patterson subsequently filed a Complaint

---

[1] Sandoval County Land Subdivision Regulations provide that "[a]ny party adversely affected by the decision of the County Planning Staff regarding an exemption shall, within 15 days of that decision, file an appeal to the Board of County Commissioners on a form prescribed for such by the County Planning Staff . . . The Board shall schedule a hearing on the appeal within thirty (30) days of its receipt by the County Planning Staff."

[2] *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ( "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint.").

in state court seeking a Writ of Mandamus ordering Defendants to provide a hearing on Plaintiff William Patterson's appeal in accordance with the regulations or to appear before the Court and show cause why Defendants had failed to provide the hearing; the imposition of fines against each of the Defendants; an order declaring Plaintiffs' rights under the regulations; and alleging that the failure to provide the hearing constituted a violation of 42 U.S.C. § 1983 and their due process rights.

Defendants removed the action to this Court and moved to dismiss on the grounds that Plaintiffs failed to state a claim. Plaintiffs filed a motion challenging the removal as untimely. The Court now considers both motions.

## LEGAL STANDARD

In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court is looking for "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1970 (2007).

These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v.*

*United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

### A.  Motion to Remand

The removal statute, 28 U.S.C. § 1446, permits a defendant to remove a case within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.  *See* 28 U.S.C. § 1446.   Plaintiffs seek to have this case remanded to state court on the grounds that Defendants' removal was filed more than thirty days after Defendants received copies of the complaint and summons.

On October 31, 2006, Plaintiffs served the complaint and summons in this case on Tammie Gerrard, Sandoval County Personnel and Risk Manager.  Plaintiffs claim that Ms. Gerrard represented that she was authorized and required to accept service for all of the Defendants (a fact that Defendants dispute).  Plaintiffs also mailed the complaint and summons to all of the Defendants, apparently at their work addresses, on November 13, 2006. Consequently, Plaintiffs claim that Defendants obtained copies of the complaint and summons more than 30 days prior to the filing of their Notice of Removal on January 5, 2007.

While Defendants may have received the complaint and summons through the efforts at service described above, Plaintiffs service of process was defective.  Under New Mexico law, a plaintiff can effect service by serving the individual personally *or* by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address *and* at the defendant's actual place of business or employment.  *See* Rule 1-004(F)(3) NMRA (emphasis added).  Plaintiffs, at most,

complied with two of the three steps necessary to perfect service under Rule 1-004(F)(3)-- delivering process to the individual defendants at their actual place of employment to a person apparently in charge thereof and mailing process to the individual defendants' actual place of employment. Plaintiffs did not, however, mail process to the individual defendants' last known mailing addresses.

Service on the county was also defective. New Mexico law provides that "in all legal proceedings against the county, process shall be served on the county clerk." NMSA § 4-46-2. It is undisputed that Plaintiffs did not serve process on the county clerk.

Plaintiffs, citing the "through service or otherwise" language of 28 U.S.C. § 1446, argue that the actual receipt of a complaint and summons, even if formal service is not perfected, triggers the thirty-day removal period. Plaintiffs' argument was rejected by the Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In *Murphy Brothers*, the Supreme Court held that service of process, not just receipt of the complaint, triggered the thirty-day removal period because one who has not yet lawfully been made a party to an action should not be required to decide in which court system the case should be heard:

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445, 66 S.Ct. 242, 90 L.Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served."). Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.

*Id.* at 351.

While the *Murphy Brothers* court was addressing the situation where a complaint was provided without service of a summons, its reasoning applies equally to a party who has received both a complaint and summons but has not been properly served.  In either case, the removal period is not triggered because the defendant is not an official party to the suit.

Because Defendants were never properly served with a copy of the complaint or summons, the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never started to run.  Therefore, Defendants' notice of removal was timely and the motion to remand will be denied.

**B.  Motion to Dismiss**

Defendants seek dismissal of Plaintiffs' 42 U.S.C. § 1983 claims on the grounds that they fail to state a claim for which relief can be granted.  In their complaint, Plaintiffs challenge Defendants' decision not to hold an appellate hearing under a number of legal theories, including that it violated their due process rights under the 14th Amendment.  While a due process claim based on allegations that Defendants failed to provide an appellate hearing would appear to be a procedural due process claim, Plaintiffs, in their one page response to the motion to dismiss, clarify that their claim is that Defendants' failure to provide a hearing on the appeal of the lot split violated their substantive due process rights.  *See* Plaintiffs' Response to Defendants' Motion to Dismiss at p. 1 ("Plaintiffs have a right to be free from arbitrary or irrational zoning actions under the principles of substantive due process.  The Defendants' failure and refusal to provide Plaintiffs with an appellate hearing, has no relation to the general welfare, and is contrary to the Defendants' zoning ordinance.").  Consequently, the Court will consider only whether Plaintiffs' complaint adequately alleges a procedural due process claim based on the

denial of an appellate hearing.

"[P]rocedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision; substantive due process, on the other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures are that are used in making the decision." *Archuleta v. Colorado Dep't of Insts., Div. of Youth Servs.*, 936 F.2d 483, 490 (10th Cir. 1991). "[T]he standard for judging a substantive due process claim is whether the challenged government action would 'shock the conscience of federal judges.'" *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992)); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998); *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528-29 (10th Cir.1998).[3]

> To satisfy this standard, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. Instead, a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.... The level of conduct required to satisfy this additional requirement cannot precisely be defined, but must necessarily evolve over time from judgments as to the constitutionality of specific government conduct.

*Tonkovich*, 159 F.3d at 528 (internal quotations and citations omitted).

The denial of an appellate hearing because an appellant failed to state any reason for the

---

[3] The Tenth Circuit has noted that the arbitrary and capricious standard in the context of zoning "does not mean simply erroneous." *Norton v. Village of Corrales*, 103 F.3d 928, 932 (10th Cir. 1996). Rather, "'the Supreme Court has narrowed the scope of substantive due process protection in the zoning context so that such a claim can survive only if the alleged purpose behind the state action has no conceivable rational relationship to the exercise of the state's traditional police power through zoning.'" *Id.* (quoting *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 829 (4th Cir. 1995)). Because Plaintiffs are only challenging the failure to hold a hearing provided under County ordinances and not a specific zoning decision, the Court will not apply the narrower substantive due process standard applicable to zoning decisions.

appeal or to explain how he was adversely affected by the zoning decision is not arbitrary, irrational, or shocking to the contemporary conscience, even if the ordinance providing for the hearing does not specifically require the statement of the reasons for the appeal.  Plaintiffs have failed to allege sufficient facts to satisfy the arbitrary and capricious prong of a substantive due process claim and this claim will be dismissed.

Plaintiffs' remaining claims are state law claims.  Under 28 U.S.C. § 1367, this Court has discretion to dismiss claims supported only by supplemental jurisdiction after the dismissal of all claims over which it had original jurisdiction.  The Tenth Circuit has stated that a district court has discretion to try state claims in the absence of any triable federal claims.  *See Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).  That discretion, however, is to be exercised only "in those cases in which given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction."  *Id*.  Moreover, "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Id*.  The Court finds no compelling reason to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Rather than dismiss these claims without prejudice, which would require Plaintiffs to refile these claims, the Court will remand the state claims back to state court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand, filed January 16, 2007, **[Doc. No. 6],** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, filed January 8, 2007, **[Doc. No. 3]**, is **GRANTED in part**.  Plaintiffs' substantive due process claim is dismissed without prejudice and the remaining state court claims are hereby remanded to the

Thirteenth Judicial District Court for the State of New Mexico.

    Dated this 29th day of September, 2007.

                                                   MARTHA VÁZQUEZ
                                                   UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiffs</u>:
 James Lawrence Sanchez

<u>Attorney for Defendants</u>:
  William D. Slease